IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBBIE RAE JONES       Petitioner, | \* |
| v. | \* CIVIL ACTION NO. CCB-07-2024 |
| COMMISSIONER OF INTERNAL SPECIAL AGENT JEREMY SHIVERS INTERNAL REVENUE SERVICE      Respondents. | \* \* |
| | \*\*\* |

## MEMORANDUM

Debbie Rae Jones ("petitioner"), a resident of Bel Air, Maryland, filed the instant *pro se*, fee-paid "petition to quash [Internal Revenue Service] IRS summons" on July 27, 2007.[1] Although the action is difficult to decipher, it appears that petitioner is alleging that as she does not reside within the confines of any judicial or internal revenue district and did not commit any of the offenses wrongfully alleged by respondents, this court and respondents are without jurisdiction to enforce criminal laws against her. She accuses respondents of proceeding against her in bad faith, with the intention of "oppress[ing]" her constitutional rights and her remedies under the Religious Freedom Restoration Act ("RFRA"). Paper No. 1. Further, petitioner seemingly takes issue with:(1) the levying of taxes on individuals who are not "privileged" employees of the federal government; (2) federal government authority to impose taxes on tobacco, firearms, terrorism, and drugs; (3) the imposition of federal income taxes on Americans who are born in and domiciled in states of the "Union" but who are not "citizens of the United States" or "residents" under statute; (4) the fairness in which federal judges can adjudicate tax claims because they are subject to the same "extortion and illegal enforcement" as the claimant; (5) the IRS summons' infringement on her religious

---

[1] Neither the petition nor the accompanying memorandum are signed by petitioner.

exercise; and (6) the IRS's authority to collect revenues as "taxes" rather than "donations" and to enforce payment of monies demanded  *Id*.  She asks the court to quash the summons, compel respondents to demonstrate their authority to enforce tax regulations, provide a bill of particulars regarding the nature of charges against petitioner, show a compelling government interest in the establishment of "three of the 10 planks....of the Communist Manifesto, " and enjoin respondents from contacting her or any third parties outside of the "federal zone."[2]  Paper No. 1.

Congress has empowered the IRS to issue third-party summonses for taxpayer records pursuant to 26 U.S.C. § 7609.  Because § 7609 waives the sovereign immunity of the United States, the statute's notice requirements are jurisdictional prerequisites and must be strictly enforced by this court.  *See Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999).  The taxpayer may file a "proceeding to quash" the summons within twenty days from the date of notice of the summons.  *Id*., at § 7609(b)(2)(A).  To the extent that petitioner has filed this matter as a petition to quash the IRS summons pursuant to 26 U.S.C. 7609(h), the court lacks jurisdiction to review the petition as it has been filed outside the applicable statute of limitations.

---

[2]  In an accompanying memorandum plaintiff challenges the IRS's authority to force compliance with federal laws on individuals living in an area that is not subject to the jurisdiction of the federal government. Paper No. 1 at memorandum.  Plaintiff again claims that she is domiciled in a "Union State," does not live in a "federal zone," and is therefore not subject to the summons at issue.  *Id*.  She further complains that the summons was not issued for a legitimate purpose and interferes with her fundamental rights and her right to petition the government for redress.  *Id*.  Plaintiff asserts that the IRS summons amounts to "communism" and the IRS has in fact created a "totalitarian, authoritarian dictatorship" and established a civic religion of "socialism" as it has taken action without probable cause and in violation of the U.S. Constitution.  *Id*.  It is this alleged establishment of a "civil religion" which Plaintiff claims violates her rights under the RFRA. Plaintiff claims that the IRS may only "target" federal employees with summons, states that the monies sought by the government do not fit the definition of taxes, and presents her opinions on the form of government and religion (socialism) which the tax base is subsidizing.  *Id*.  She maintains that the government is the servant and cannot be greater than its creator, the sovereign people, of which she is a part.

Notice of a third-party summons served by the IRS is given on the date it is mailed. *See Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). According to petitioner an administrative summons was issued by the IRS on June 13, 2007. Paper No. 1 at 6 & 25. The instant petition to quash was not filed until July 27, 2007, more than 20 days after issuance of the summons. The taxpayer's failure to strictly comply with the procedures set forth for filing a petition to quash precludes this court from exercising its jurisdiction over the petition under § 7609(h)(1). *See Ponsford*, 771 F.2d at 1309; *Dorsey v. United States*, 618 F.Supp. 471, 473-74 (D. Md. 1985).

Further, the Constitution of the United States grants Congress the power to tax under Art. I, § 8, cl. 1 (Congress "shall have power to lay and collect taxes") and under the Sixteenth Amendment (Congress "shall have power to lay and collect taxes on incomes, from whatever source derived ..."). Congress has lawfully delegated the power to tax to the IRS. *See* 26 U.S.C. § 6201 *et seq.* The IRS has the authority as well as the affirmative duty to assess and enforce taxes. 26 U.S.C. §§ 6201, 7601(a). To the extent that petitioner is raising a challenge to respondents' actions under 28 U.S.C. § 1331, her assertions regarding the constitutionality of the government's authority to assess and enforce income taxes are frivolous.[3]

---

[3] Petitioner also seeks to invoke this court's mandamus jurisdiction. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, petitioner must show: that she has the clear legal right to the relief sought; that respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp.

Petitioner has paid the filing fee. Nonetheless, it is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 ($2^d$ Cir. 2000) (district courts have the authority to dismiss frivolous complaint *sua sponte*, notwithstanding the payment of the filing fee); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on her own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*). Therefore, this court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous. The court finds that the instant matter is subject to dismissal. A separate order follows.

Date:   August 23, 2007                        /s/
                                                Catherine C. Blake
                                                United States District Judge

---

1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Petitioner has not shown that she has a constitutional right to and no alternative remedies to compel the relief she seeks and that respondents have a clear ministerial duty to take the action petitioner seeks to compel.